**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § <br> § <br> § **CASE NUMBER 6:18-CR-00035-JDK** |
| **v.** | § <br> § <br> § |
| **JAMES LYNN TAYLOR** | § <br> § <br> § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 19, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant James Lynn Taylor. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute and Distribution of Methamphetamine in an Amount Greater than 5 Grams, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. On March 14, 2019, U.S. District Judge Thad Heartfield of the Eastern District of Texas sentenced Defendant to 77 months in prison, followed by 4 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosure, substance abuse aftercare, and a $100.00 special assessment. On December 15, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance and was required to submit to periodic drug screening. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant submitted urine samples that tested positive for methamphetamine, a controlled substance, on April 28, 2023, May 15, 2023, June 7, 2023, June 12, 2023, June 26, 2023, and December 21, 2023.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 14 months, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant James Lynn Taylor's plea of true be accepted, and that he be sentenced to a term of imprisonment of 14 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas if available and that he received drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of March, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE